LE BLANC, Justice.
On September 21, 1949 a Grand Jury for the Parish of Grant returned an indictment in the District Court for that Parish charging the defendant herein, J. E. Hamlet, Jr., with the crime of theft of eight head of cattle of the value of $755, in violation of the provisions of Article 67 of the Code of Criminal Law and Procedure, LSA-RS 14.67. He was tried before a jury specially drawn, at a special term of Court which began on Monday, June 12, 1950. He was found “guilty of theft of property valued at the sum of $755.00” on June 14, 1950, whereupon his counsel gave notice to the Court and to counsel for the State of the defendant’s intention to apply for a new trial. There appears to have been some disagreement about setting the motion for a new trial for hearing prior to July 1, 1950 when the vacation period of the court would begin. At any rate, the motion was not heard until after Court had resumed its sessions in September and was overruled *853 on September 13, 1950. The overruling of the motion for a new trial was immediately followed by a motion in arrest of judgment which was also overruled and at the same time the defendant was sentenced to imprisonment in the State Penitentiary at hard labor for a period of five years. He then perfected this appeal and relies on the thirty "bills of exception for reversal of the ver■dict and sentence.
During its regular session of 1950, while the motion for a new trial was pending, the Louisiana State Legislature enacted Act 173 of 1950, LSA-RS 1467:1, which became •effective July 6, 1950, the title of which reads as follows: “To amend Sub-Part C ■of Part III of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 by adding thereto a new section to be designated •as R.S. 67.1 relative to theft of cattle, horses, mules, sheep, hogs, or goats and providing a penalty for persons convicted of the •crime of theft of cattle, horses, mules, sheep, hogs or goats.” (Our Italics.) The enacting clause of the statute reads as follows :
“Be It Enacted By The Legislature Of Louisiana:
“Section 1. Section 67.1 of Sub-Part C •of Part III of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950 is hereby enacted to read as follows:
“Section 67.1. Theft Of Cattle, Horses, Mules, Sheep, Hogs, Or Goats: Penalty”. This is followed by the same definition of theft of cattle, horses, etc., as the definition ■of theft of any property under Section 67 ■and then by the penalty clause which reads .as follows: “Whoever commits the crime of theft of cattle, horses, mules, sheep, hogs, or goats shall be imprisoned, with or-with•out hard labor, for not less than three (3) years nor more than five (5) years.”
The motion in arrest of judgment ■is based on the proposition that Act 173 of 1950 had the effect of repealing in part, Article 67 of the Criminal Code, now incorporated in the Revised Statutes of 1950 as LSA-RS 14:67, and inasmuch as the defendant’s conviction was not final until his motion for a new trial had been overruled, the Act also had the effect of granting him a Legislative pardon since it did not contain a saving clause. Counsel’s contention would undoubtedly be: correct and would have to be sustained had the Act of 1950 been a repealing law. But it seems obvious to us that the only effect it had was to amend Article 67 by adding another section to it.
Article 67 of the Criminal Code defines the crime of “theft” in general. It states that “Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations.” . The Article further provides that “An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.” The penalty is graded according to the value of the property misappropriated. For instance a penalty of imprisonment with or without hard labor may be imposed “for not more than ten years” when the misappropriation or taking amounts to a value of $100 or more, and a sentence of a fine of not more than $100 or imprisonment for not more than six months, or both, is prescribed in cases where the misappropriation or taking amounts to a value of less than $20.
Act 173 of 1950, which now has become Article 67.1 of the Criminal Code, as will be readily noted, relates to the crime of theft of certain specific property, such as cattle, horses, mules, etc., without regard to value, and prescribes a specific penalty of imprisonment, with or without hard labor for not less than three years nor more than five years. The Act, as its very language plainly reveals, is merely an addition to Article 67 of the Criminal Code and was not intended to repeal any of the provisions of that Article which relates to the theft of property of any kind or description. We take it that the intention of the Legislature was to make the theft of the particular species of property described in the Act, the crime of theft, without regard to the value of such property, leaving it to the discretion of the prosecuting officers of the State whether an accused, should be prosecuted under its provisions for theft of that *854 kind.of property as distinguished- from the theft of that same kind of property or any other property where the value of the property is involved.
The Act contains no repealing clause and in the absence of such clause it could only be held to have repealed any of the provisions of Article 67 by implication.
Article'23 of the Revised Civil Code provides that the repeal of a law is either express or implied. There can be no doubt of the express repeal of a law because the repeal itself is literally declared in the repealing law. The repeal is implied, however, only when the new law contains provisions contrary to or irreconcilable with those of the former law/ In view of the construction we have placed on Act 173 of 1950 it is apparent that its provisions are not contrary, nor are they repugnant to the provisions of Article 67 of the Criminal Code.
The contentions of counsel on the issue just discussed form the basis of Bill of Exception-No. 30 which was reserved by them to the ruling of the trial judge on the motion in arrest of judgment. That was the last bill reserved by them but. we found it necessary to discuss and pass on it first because if their contentions could have been sustained and Act 173 of 1950 had had the effect of granting a Legislative pardon to the accused that would have brought an end to this appeal. Finding no merit in the bill, however we have to direct our attention to the various other bills that were reserved. We have carefully considered them all and as we find that at least two of them have merit and, as our sustaining them will lead to a remand of the case to the lower court, we will discuss and pass on only those two.
The theft with which the accused stands charged is of eight head of cattle of an alleged value of $755. The bill of indictment does not state who- was the owner of the cattle but it developed that they were property of one W. G. Tolbert. The defense of the accused was that he had authority from the owner, through his wife, Mrs. W. G. Tolbert, to remove the cattle from the farm on which they were. At the time of the alleged theft, Mr. Tolbert was living in the State of Iowa. His wife spent a considerable part of the time in Grant Parish and.acted as agent in conducting the farm. The accused and his father were employed by W. G. Tolbert to take charge of the farm. Prior to- their employment it appears that a party by the name of Mayo Arnold had been the tenant and some differences arose between him or his wife, and Mrs. Tolbert which resulted in his eviction. Arnold had a letter in his possession written to him by Mrs. Tolbert in which, so it is contended by the accused, she had stated that the defendant had authority to sell the cattle. Mrs. Tolbert was not called as a witness for the State although counsel for defendant had requested that she be so called. They had asked permission of the Court to speak to- her in an effort to see if they could make her their own witness but she declined to give them any information.
After the defense had closed its testimony, the State then called! Mrs. Tolbert as a witness in rebuttal of the testimony of the accused that he had authority from her to .sell the cattle. Counsel for the defense had previously endeavored to- introduce the letter which Mrs. Tolbert had written to Arnold in evidence, but the trial judge consistently refused to admit it on the ground, as stated by him, that it was addressed to a third party and that it was irrelevant. When Mrs. Tolbert was tendered as a witness to counsel for the accused, she was asked to identify the letter but an objection made by counsel for the State was again sustained, whereupon counsel for defendant asked permission to cross examine the witness with regard to its contents and this was also refused. Counsel then reserved the bills now under consideration and asked' permission of the Court to attach the letter to one of them and make it a part of it, in-order to have it presented on appeal and' give this Court an opportunity of passing on the correctness of the ruling of the trial judge. This also was refused by the .trial' judge whereupon the bill was reserved' without the letter being annexed to it.
The per curiam of the trial judge on these-bills indicates that in his opinion the letter was irrelevant and inadmissible, that it was. *855 addressed to a third party; that it had no bearing on the legal rights of the defendant, and that as to him it was hearsay tes.-timony. With this ruling of the trial judge-we are unable to agree, as under the circumstances we believe that the exclusion o>f the testimony surrounding this letter might have had a vital and material effect on the, outcome of the trial of this case. Certainty it was improper for him to refuse, counsel permission to attach the letter to- one of their bills as requested by them. Moreover if the contents of that letter are what they are said by counsel to be, they would seem to have a strong bearing on the defense that was presented by the accused and besides might have had a serious effect on the credibility of the testimony of the witness, Mrs. Tolbert, in rebuttal of his testimony in support of the defense.
There are several bills of exception having reference to matters concerning this letter, but more particularly we think that our discussion pertains to bills No. 18 and No. 19. The conclusion ■ we have reached with regard to these two .will result in a remand of the case and it becomes unnecessary for us to discuss or consider any of the others.
For the reasons stated, the conviction and sentence are set aside and the case is remanded to the district court for a new trial.